Chief Justice Robertson,
delivered the opinion of’the court.
This writ of error, is prosecuted to reverse a judgment for $1706 27 cents, rendered against a sheriff and his sureties, in favor of-the justices of the county court, in amotion to said court, by the county attorney in behalf of the justices, on the. sheriff’s bond, for securing the county levy, for the year 1828.
Various objections to the judgment have .been urged by the counsel for the plaintiffs in erfor. These will be noticed briefly, in the order in which they are presented:
1st. The notice is not sufficiently certain.
mi . I , rn. • I his objection cannot be sustained, ihe notice is certain to a common intent. The specific objection which has been made to it, is that it does not state that the persons, in whose behalf the motion was made, are justices of the county court. But, we think, that the notice plainly imports that it was drawn in the name of the county,court attorney, for the justices of the county. The object of such a notice is to warn those to whom it is addressed, that a motion will be made against them, and to notify them when, where, and for what it will be made. Any notice which will effect that end, will bq sufficiently certain. Besides, the notice cannot be objected to for the first time, in this court, merely for the alleged want of certainty, as the parties appeared in the inferior court and went into trial, without making such an objection: January vs. Bradford, IV Bibb, 566.
*8 271 e motion cannot be maintained by the attorney for ^le county court, Jar the benefit of the justices, and in. their names, but should have been made in the name of (be Commonwealth.
This objection is also unavailing. The act of 1810, which directed that the sheriff’s bond should be made payable to the Commonwealth, and, therefore, required all suits upon it to be brought in the name of the Commonwealth, contains a proviso which legalizes it as given, and authorizes a suit upon it in the name of the actual obligees, because it would have been valid without the act of 1810. That act is, therefore, only directory, and does not ailect the bond in this case, nor change the remedy upon it. As there is no privity between the obligees and the Commonwealth, the motion could not have been maintained in the name of the Commonwealth. Ii was proper to make it in the names of the obligees, the justices. The maxim that “no one shall adjudicate in his own case,” is wise and salutary, and should be admitted to be supreme, whenever it fitly applies. But it is inapplicable to this case. This is not the case of the justices. They have no personal interest in it. They cannot either gain or loose by it personally. They act officially. If they succeed, their county will be benefitted; if they fail, their county will be liable, at least indirectly and eventually, for the costs, if costs could be given. Hence acts of Assembly have authorized county courts to adjudicate in such cases, and the validity of these acts has never been questioned by this court, but has been expressly established; see Whitnell vs. Justices of Caldwell, IV Littell’s Repts. 148. Such a jurisdiction as that now objected to, has been t zeroised too long and in too many cases, to be now seriously called in question.
3d. The judgment is for too much.
The bond was executed on the 4th of February, 1828, and bound the sheriff to collect the levy due, or which might become due for the year 1828, and to pay the same to the several county creditors, and to account to the justices for the deposiium, if there, should be any. A settlement made on the Gfh of October, 1823, by commissioners appointed by the county court included a deposiium for 1827. amount- *9 • ing to $1584'G1 cents; and ascertained that the amount due to the county in October, 1828, was $1706 27 1 2 cents.
Act of >93 au-t'jorisfes motions by the justices of the county courts against the sheriffs or their sureties for the county levy secured by their boqrls.
The suretüsot ft sheriff are liable toa mo-iion% !or arrears of the cour-t; levy. A joint loo-, lion rsramst the sheriff and hia sureties lor arrears of the o-mnty levy, cannot bo maintained.
*9 The depositum intended by the bond, was such residuum only, of the levy for 1828, as should remain in the sheriff’s hands, after paying the county creditors for that year. It would have been erroneous, therefore, to render judgment against the sureties in the bond of 1828, for the depositum of 1-827. ' But the $1584 61 cents, left in the sheriff’s hands for "the year 1827, are not included in the judgment. In the settlement made in October, 1828, a credit was allowed for payments made to county creditors, amounting to $1919 83 cents, due in 1827; and which exhausted and exceeded "the depositum for that year; consequently, the "judgment for the balance due, was for no more than the amount, which the bondof 1828, was intended to secure; that is the levy for 1828.
4th. The motion is not maintainable against the"sureties.
This objection is fatal. We do not concur with the counsel for the plaintiffs in error, in .the opinion urged by him, (towit:) — that the sureties are not sueable by motion. The act of 1797, II Dig. 856, authorises motions by county creditors, against sheriffs and collectors, and their sureties. But it does not expressly authqrize motions by the justices of the county courts against any other persons than the principal obligors,; and this court has decided, that the act of 1797 did not authorize a motion by the justices of a county courts against the sureties of a collector of the county levy; see Hardwick et al. vs. Montgomery Justices, II Bibb, 256.
But it has also been decided by this court, that an act of 1793, I Dig. 260, is still in force, and authorizes motions by the justices of the county courts against sheriffs or their sureties, for the county levy secured by their bond; see Wood, et al. vs. Sayre, et al. VII Monroe, 663.
Whatever we might have thought of the act of 1793, we are not disposed to disturb that decision, or to question its exposition of the act. And, therefore, it mav now be considered as the settled law, that the *10 sureties of a sho'riff are liable to a motion on bis bond, for the county, levy. But at the same time, and in consequence of the same authority, it must be admitted that a joint motion against the sheriff and his sureties, cannot be maintained. Their liabilities to a motion are several; the sheriff being one party, and his sureties constituting a separate and distinct party. Then, although a motion a iglit he maintained against the sureties, it cannot be sustained against them and their principal, jointly.
Hardin, for plaintiffs; Tobin, for defendants.
Wherefore, as the motion in this case is against the sheriff and his sureties jointly, it cannot be sustained; and consequently, the judgment of the. county court is reversed and the cause is remanded, with instructions to dismiss the motion without prejudice..